IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LASHANTA ROBERTSON,[1]

        Plaintiff,      :      Case No. 3:15-cv-251

                                District Judge Walter Herbert Rice
    -vs-                          Magistrate Judge Michael R. Merz
                               :

MONTGOMERY COUNTY
DEVELOPMENTAL CENTER, et al.,

        Defendants.

## REPORT AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS

This case is before the Court on Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) which asserts that Plaintiff Roberson's amended complaint fails as this court lacks jurisdiction, or in the alternative, does not state a claim for relief. (ECF No. 18.) Plaintiff opposes the Motion (Doc. No. 22) and Defendants have filed a Reply (Doc. No. 26).

Initially reacting to Defendants' Motion to Dismiss, Plaintiff filed a Motion for Partial Dismissal Without Prejudice as to ADA Claims, State Law Claims, and Due Process Claims Only. (ECF No. 23.) The Court granted the partial dismissal, and the only remaining claim now before the Court is racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. (Order, ECF No. 25, PageID 136.)

---

[1] [1] Plaintiff's name appears as both Roberson and Robertson throughout the record. As documents alleged to have been signed by Plaintiff reflect the spelling as "Roberson," that is the spelling this Court will use.

Statement of Facts

Plaintiff was a 16 year employee with the State of Ohio. (Amended Complaint, ECF No. 17, PageID 70.) In the spring of 2014 she accepted a transfer from her position at the Agency Department of Rehabilitation to the Agency Department of Disability Services. *Id*.  Plaintiff alleges that "in the process of [plaintiff] accepting this job transfer, plaintiff faced alot [sic] of resistance and decrimination [sic] on behalf of Jill Moore and Nancy Banks, who at the time held administrative positions at Montgomery Developmental Center." *Id*. She specifically alleges that these women made efforts to stop the job transfer and revealed Plaintiff's criminal history as well as her mental disability. *Id*. Plaintiff further asserts that as a result of these actions, a negative picture of her had been painted to her new co-workers and she was given insufficient training in her new position based upon their opinion of her. *Id.* at PageID 71. Despite receiving only favorable evaluations and an absence of noted disciplinary actions, Plaintiff was fired in May 2014 for failure to meet "employee requirements." Defendants claim that Roberson was terminated during a mandatory probationary period.  Plaintiff, however, alleges that Defendants waived the probationary period requirement conditional to her accepting the transfer to the new position and that she was improperly fired on the basis of discrimination. *Id*.

The parties attempted to resolve the matter through EEOC and the Union. *Id*. Plaintiff states that because of the heavy workload of the EEOC case managers at the time, the employee assigned to her case failed to put in the adequate time and effort to obtain a favorable outcome. *Id.* at PageID 73. Likewise, Plaintiff asserts that the representatives of the Union were negatively affected by other commitments and time restraints. *Id*.  Despite a successful mediation, the

2

Union representatives were improperly prepared for the arbitration and "not enough time and effort was put into presentation." *Id*.

Analysis

Defendants argue that Plaintiff's remaining claim of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. fails to state a claim under the *Twombly/Iqbal* standard. (Motion to Dismiss, ECF No. 18); (Reply, ECF No. 26, PageID 137.) Rather, her amended complaint "states blankly that she believes she was discriminated against during her probationary employment with Defendants and, although she identifies she has a disability, fails to identify any other protected class in her pleading." *Id*., *citing* Amended Complaint, ECF No. 14-1. They continue by stating that even if her OCRC filings are incorporated (see ECF No. 18-1) Plaintiff fails to make a proper showing as she summarily states she was discriminated against due to her race and disability but then proceeds to list several reasons, all of which were devoid of race. *Id*. at 137-38, *citing* ECF No. 18-1, PageID 21. Thus, Plaintiff's claim is "so bald as to not even demonstrate she is a member of a protected class" and her complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test, whether as a matter of law, the plaintiff is

entitled to legal relief even if everything alleged in the complaint is true. *Mayer*, 988 F.2d at 638, *citing Nishiyama*, 814 F.2d at 279.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc*., 289 F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), specifically disapproving of the proposition that "a complaint should not be dismissed for failure to state a

4

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced. Following *Iqbal*, district courts faced with motions to dismiss must first accept as true all of the factual allegations contained in a complaint. This requirement "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 556. Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . . Exactly how implausible is "implausible" remains to be seen, as a malleable standard will have to be worked out in practice." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009). Applying the *Twombly/Iqbal* standard, Judge Rice has written:

> [O]n the plausibility issue, the factual allegations in the complaint need to be sufficient "to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949-50). Further, "a legal conclusion [may not be] couched as a factual allegation" and mere "recitations of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Id*. (quoting *Hensley v. Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)).

*White v. Chase Bank USA, NA*, 2010 U.S. Dist. LEXIS 102908, *9 (S.D. Ohio 2010), as cited in *General Truck Drivers, Warehousemen, Helpers Sales & Serv., & Casino Emples., Teamsters Local Union No. 957 v. Heidelberg Distrib. Co.*, 2012 U.S. Dist. LEXIS 68996, *6 (S.D. Ohio

5

2012); *B&P Company, Inc. v. TLK Fusion Entertainment, LLC*, 2013 U.S. Dist. LEXIS 26131, *6 (S.D. Ohio 2013).

In their Motion to Dismiss Defendants cite to the elements of a hostile work environment.

> To make a prima facie case of hostile work environment, a plaintiff must establish that (1) she was a member of a protected class; (2) she was subjected to unwelcomed racial harassment; (3) the harassment was based on race; (4) the harassment had the effect of unreasonably interfering with her work performance by creating an intimidating or offensive work environment; and (5) the existence of employer liability. *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir.1999).

(ECF No. 18, PageID 85-86.)

Defendants agree with Plaintiff's contention that she does not need to satisfy all the prima facie elements in the claim to meet *Twomby/Iqbal* standard. (Response, ECF No. 22, PageID 122); (Reply, ECF No. 26, PageID 138.) However, Defendants purport to have cited the elements of a hostile work environment to demonstrate that the amended complaint is so "bald on its face" that it does not meet any of the elements, including that she is a member of a protected class, the "threshold for a racial discrimination claim." (Reply, ECF No. 26, PageID 138.)

Plaintiff counters that in reviewing documents attached to Defendants' Motion to Dismiss, including the EEOC charge, it is clear that Plaintiff's claim encompasses racial discrimination. (Response, ECF No. 22, PageID 120.)

> While Plaintiff did not specifically refer to racial discrimination in her Amended Complaint, she pled specific facts and details of events that she contended constituted harassment. She brought an EEOC charge in which she specifically referred to racial discrimination. See Exhibits 9, 10, and 11 attached to Defendants' Motion to Dismiss (Doc. #18). As Defendants acknowledge in the Standard of Review portion of their memorandum in Support of their Motion to Dismiss, a court may consider exhibits attached to the complaint or motion to dismiss under certain circumstances.

6

>*Amini vs. Oberlin Coll.*, 259 F.3d 493 (6th Cir. 2001). The EEOC documents attached to the Defendant's Motion to Dismiss are public records and are central to her claim. See *Weiner v. Klais & Co.,* 108 F.3d 86 (6th Cir. 1997); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327 (6th Cir. 2007). It is contended that Plaintiff's First Amended Complaint and the EEOC documents that are central to her claim and which are public records, taken together, reference racial discrimination under Title VII.

*Id*.

Further Plaintiff cites to *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), for the proposition that she is not required to plead facts establishing a prima facie case to survive a motion to dismiss as that is an evidentiary standard and not a pleading requirement. *Id.* at PageID 122, *citing Swierkiewicz*, 534 U.S. at 511. The Supreme Court explained that the Complaint satisfied Fed. R. Civ. P. 8(a) as it provided the employer with fair notice of the basis for the claims.

In *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, the Sixth Circuit reinforced that "[i]n *Twombly*, the Court changed the standard applicable to Rule 12(b)(6) motions to dismiss Sherman Act claims by directing that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)." 650 F.3d 1046, 1050 (6th Cir. 2011). The pleading standard Rule 8 announced does not require "detailed factual allegations." *Twombly*, 550 U.S. 544. Rather, "to survive a motion to dismiss, a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949, *citing Twombly*, 550 U.S. 544. Complaints in which plaintiffs have failed to plead enough factual detail to state a claim that is plausible on its face may be dismissed for failure to state a claim. *Twombly*, 550 U.S. at 569-70. The Court expounded that courts may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action. *Id.*

7

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1).  Therefore, the very crux of Roberson's claim rests on an "alleged unlawful employment practice occurring" based her race. 42 U.S.C. § 2000e-5(e)(1). While not required to make a showing in her Complaint that she can meet all the prima facie elements, she is required to show sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face- a facial plausibility which would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949; see also *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-51  (holding it was "incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he might ultimately need to prove to succeed on the merits if the direct evidence of discrimination was discovered.")

      Plaintiff's Complaint does not reference *any* aspect of race or racial discrimination. See Amended Complaint, ECF No. 17.  The only passing reference of racial discrimination is an external OCRC document attached by Defendants as an exhibit to their Motion to Dismiss. (Motion, ECF No. 18-1, PageID 108.) Even in considering that document, Plaintiff offered no further detail on how she felt she had been racially discriminated against, but rather focused on her disability. *Id*. ("I believe that I have been unlawfully discriminated against due to my race and disability, because: a. Respondent became aware of my disability through the interview for the job. b. Once Respondent became aware of my disability… ")  This is not enough to put Defendants on notice.  As previously stated, *Twombly* has dictated that courts may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action. Here Plaintiff has not provided the facts necessary to establish, if taken as true, that she has a plausible claim for racial discrimination.

8

**Conclusion**

It is therefore respectfully recommended that, on Defendants' Motion, the Complaint should be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted.

In her Memorandum in Opposition, Plaintiff requests leave to file a Second Amended Complaint (ECF No. 22, PageID 123). Defendants do not opposed such a filing in the abstract (Reply, ECF No. 26, PageID 138). Plaintiff may therefore move to amend, attaching a proposed second amended complaint, not later than June 15, 2016. Plaintiff's counsel, in compliance with S. D. Ohio Civ. R. 7.3, should ascertain whether Defendants' counsel will oppose the motion.

June 1, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).