IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LASHANTA ROBERTSON,[1]

    Plaintiff,

v.

MONTGOMERY COUNTY
DEVELOPMENTAL CENTER, et al.,

    Defendants.

:
:
:
:
:

Case No. 3:15-cv-251

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #27); SUSTAINING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOC. #18); DISMISSING AMENDED COMPLAINT (DOC. #17) WITHOUT PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Plaintiff LaShanta Robertson, proceeding *pro se*, filed suit against her former employers, Montgomery County Developmental Center, and the Ohio Department of Developmental Disabilities.[2] In her Amended Complaint, Doc. #17, she alleged discrimination under the Americans with Disabilities Act ("ADA"), promissory estoppel, and due process violations. She also alleged that she was subjected to a

---

[1] It appears from the record that the correct spelling is "Roberson." However, since Plaintiff's name is spelled "Robertson" in the initial Complaint, the Court will continue to use that spelling for the sake of consistency.

[2] The Ohio Department of Developmental Disabilities is mistakenly identified in the Complaint as the State of Ohio Department of Disability.

hostile work environment and was retaliated against, in violation of Title VII of the Civil Rights Act of 1964.

Defendants filed a Motion to Dismiss, Doc. #18, under Federal Rule of Civil Procedure 12(b)(1) and (6), arguing that the Eleventh Amendment to the United States Constitution barred Plaintiff's ADA and due process claims, and that federal courts lacked jurisdiction over a promissory estoppel claim brought against state agencies.  Defendants further argued that Plaintiff's allegations were insufficient to state a claim under Title VII, because she failed to allege that the hostile work environment was based on race and retaliation.

Plaintiff then retained counsel, and voluntarily dismissed the ADA, promissory estoppel and due process claims without prejudice.  Doc. #25.  She maintained, however, that, when read with the relevant documents filed with the Equal Employment Opportunity Commission, the Amended Complaint was sufficient to state a viable claim of race discrimination under Title VII.  In the alternative, Plaintiff sought leave to file a Second Amended Complaint.  Doc. #22.

In their reply, Defendants continued to argue that the Title VII claim should be dismissed for failure to state a claim upon which relief can be granted.  However, they did not oppose Plaintiff's request for leave to file a Second Amended Complaint.  Doc. #26.

On June 1, 2016, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations on Defendants' Motion to Dismiss, Doc. #27.  He recommended that Plaintiff's Amended Complaint be dismissed without prejudice

2

for failure to state a claim upon which relief can be granted, but gave Plaintiff leave to file a Second Amended Complaint. On June 20, 2016, Plaintiff filed a Notice of Intent Not to File Second Amended Complaint. Doc. #29. Plaintiff has not filed any Objections to the Report and Recommendations.

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in his Report and Recommendations, Doc. #27, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing in its entirety, and SUSTAINS Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Doc. #18. The Amended Complaint, Doc. #17, is DISMISSED WITHOUT PREJUDICE. However, leave of Court must be obtained should Plaintiff decide, within the strictures of Federal Rule of Civil Procedure 11, to re-file her claims.

Judgment shall be entered in favor of Defendants and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: June 29, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE